UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CYNTHIA E. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:11-cv-1702-WTL-DKL |
| | ) | |
| INGERSOLL-RAND COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS

This cause is before the Court on the Defendant's motion for judgment on the pleadings.

Plaintiff Cynthia Williams has not filed a response to the motion, and the time for doing so has

expired. The Court, being duly advised, **GRANTS** the Defendant's motion for the reasons set

forth below.

I. STANDARD

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c), the Court applies the same standard that is applied when reviewing a motion to

dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat. Bancorp*., 499 F.3d 629, 633 (7th Cir.

2007). That means that the Court "take[s] the facts alleged in the complaint as true, drawing all

reasonable inferences in favor of the plaintiff." *Id.* The complaint must contain only "a short

and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2).

While there is no need for detailed factual allegations, the complaint must "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Pisciotta*, 499 F.3d at

633 (citation omitted). "Factual allegations must be enough to raise a right to relief above the

speculative level." *Id.* (citations omitted). Finally, a plaintiff may plead herself out of court by

alleging facts in her complaint that establish the existence of an affirmative defense.  *Xechem,*

*Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

## II.  <u>FACTS ALLEGED IN THE COMPLAINT</u>

The Plaintiff, acting pro se, initiated this case by utilizing a form Employment

Discrimination Complaint.  She checked two causes of action on the form—Title VII and 42

U.S.C. § 1981.  She also indicated by a check mark that she filed a timely charge of

discrimination with the EEOC or the Indiana Civil Rights Commission ("ICRC") and that she

received a Right to Sue Notice "on or about Sept. 12, 2011."  Finally, the Complaint includes the

following narrative:

> Plaintiff is entitled to relief in this action because:  Title VII of the Civil Rights
> Act of 1964 jurisdiction is based on released medical documents refused
> acknowledgement; equal rights under law based on retaliation of previous 2 cases
> that were filed via employment hotline.

> Witness employee Romi Leonard as a witness spoke with Civil Rights Act
> Commission to validate claims that work that positions were available and they
> said they weren't available which emails were also received which validates
> claims.

## III.  <u>DISCUSSION</u>

The Defendant's motion for judgment on the pleadings is two-fold.  First, they argue that

the Plaintiff has not adequately pled a claim for race discrimination under 42 U.S.C. § 1981 or

any type of discrimination that would fall under Title VII; rather, her claim is actually based

upon perceived disability and therefore falls under the Americans with Disabilities Act ("ADA").

That Court agrees; neither the Plaintiff's Complaint in this Court nor her complaint before the

ICRC suggest any claim other than for disability discrimination.  Indeed, her ICRC complaint

states unequivocally:  "I believe that I have been discriminated against on the basis of perceived

disability."  Race is not mentioned.  Presumably the Plaintiff's reference to Title VII in her ICRC

complaint and the indication in her Complaint in this Court indicating that her claims were brought under Title VII and § 1981 were based upon confusion about which statute(s) applied to her claim.  If that not the case, and the Plaintiff actually believes she has suffered from discrimination other than that based upon perceived disability, she has not satisfied the pleading standard for such a claim, as she has not set forth any facts that would form the basis of such a claim. Therefore, to the extent that the Plaintiff intended to bring a claim based upon anything other than perceived disability, the Defendant is entitled to judgment on the pleadings with regard to that claim or claims.

With regard to her claim based on perceived disability, the Defendant argues that the Plaintiff has pled herself out of court because her Complaint demonstrates that her claim was untimely.  Specifically, a plaintiff in an ADA case must file her lawsuit within 90 days of the date she receives a Notice of Right to Sue from the EEOC.  42 U.S.C. § 2117(a).  The Plaintiff alleges in her Complaint that she received her right to sue notice on or about September 12, 2011; she filed this case on December 22, 2011, 101 days later.  While the "on or about" language contained on the form might leave room for a few days' variance, as a matter of law it cannot reasonably be read to account for a difference of 11 days.  Accordingly, the allegations in the Plaintiff's Complaint establish that she failed to file this case within 90 days of receiving her right to sue notice.  The Defendant therefore is entitled to judgment on the pleadings with regard to her ADA claim.

Finally, the Court notes that the magistrate judge assigned to this case recently has recommended that this case be dismissed for failure to prosecute based upon the Plaintiff's failure to appear at an initial pretrial conference and failure to respond to a subsequent order to show cause.  The Court finds that recommendation to be well-taken; however, given the fact that

3

the Defendant is entitled to judgment on the pleadings, the Court will enter judgment on that

basis instead.

SO ORDERED:  02/21/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Cynthia Williams**
**1304 Softwind Dr.**
**Indianapolis, IN  46260**

Copies to all counsel of record via electronic notification